**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
kam@kam13trustee.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| IN RE: | CASE NO. 21-00127-NGH |
|---|---|
| BENJAMIN LEE GOFF<br>MARISSA NICOLE GOFF<br><br>Debtor(s). | CHAPTER 13 |

### TRUSTEE'S RESPONSE TO DEBTOR(S)' PROPOSED MODIFICATION OF CHAPTER 13 PLAN

The Debtor(s)' Proposed Modification of Chapter 13 Plan (docket #53) is:
☐ set for hearing on _____.
☒ set for negative notice, objections due by October 11, 2022.

1. Relevant case information:
   A. Date case filed ................................................................. 03/04/2021
   B. Total needed to complete plan * ........................................ $48,190
   C. Total paid in ..................................................................... $24,934.74
   D. Balance due* .................................................................... ($24,934.74)
   E. Monthly payments ............................................................ $1600.00
   F. Plan percentage to unsecured (approximate) ……………….. 100%
   G. Months left to complete per plan …………………………… 42
   H. Current default (if any) ………………………………………. $6,400.02

   *Figures contained herein are not payoff figures and may not include tax refunds which are required to be paid into the plan in addition to monthly plan payments. A payoff letter must be requested in writing from the Trustee's office.

2. The proposed modification results in the following:
   X   Reduction of payment from $1600 per month to $649 per month
   X   Reduction in percentage to unsecured claimants from 100% to 51%
   ☐   Increase in length of plan term from __to ___ months.
   ☐   Other changes:

3. Reason for proposed modification: Debtors divorced, now have separate households and increased expenses, debtors are in default and husband has a change in employment.

4. Trustee's recommendation:
    A. ☐  The Trustee has no objection to the proposed modification.
    B. X  The Trustee objects to the proposed modification for the following reasons:
        ☐  The proposed modification is not feasible.
        ☐  The proposed modification will not complete within 60 months [11 USC § 1325(a)(4)].
        ☐  The proposed modification fails to meet the liquidation value [11 USC § 1325(a)(4)].
        X  The proposed modification fails to provide for all the Debtor(s)' disposable income [11USC § 1325(b)(1)] based on income higher and, as a result, the Debtor(s) has/have failed to file a Chapter 13 Plan in good faith [11 USC § 1325(a)].

        a. At the time this plan was confirmed in June 2021 Debtors had disposable income of $2,644 but proposed to use all 60 months to fund their plan and only make plan payments of $1,600 per month. Debtors have failed to indicate what they did with over $1,000 a month in extra disposable income since the plan was filed.

        b. On or about August 22, 2021 Debtors' 18-year-old daughter was in an automobile accident with their 2009 BMW. Debtors requested permission to borrow $27,777.84 at 17.99% to purchase their 18-year-old daughter at 2021 Buick Encore with monthly payments of $638.14 per month. Trustee's office did not approve the request. On information and belief, the Debtors still entered into the contract and purchased the vehicle for their daughter's use as Mr. Goff has listed this expense on his amended schedule J. Said expense is not reasonable and necessary as the expense is for an adult daughter, no contribution is being made by the adult daughter, it exceeds the IRS allowance for an automobile expense, and the post-petition purchase was not approved by the trustee or the court. The car should be surrendered. Debtors are paying for two other vehicles in their plan. It should be noted that debtors were already divorced when the extra vehicle was purchased and debtors were aware of the change in their financial circumstances.

        c. On or about April 19, 2022 Mr. Goff lost his job. He was given a severance package of $13,669.89 equivalent to two months of income. Although it was equivalent to two months of income Mr. Goff has not made a payment since the last payment from his employer posted on May 3, 2022. While Mr. Goff indicated he needed the funds to tide him over until he became employed, he used the funds for luxury items and recreation including $1,378 at Inland Scuba, $2,241.88 at Costco (he has a household of one) and various retail purchases totaling $3,624.03 at the expense of his all his creditors (including two secured claims for automobiles) who have not received any funds since the end of May and who not receive any funds until at least October 31st if the debtor eventually makes a payment. This case should be dismissed.

    d. Debtors' expenses are excessive and exceed IRS allowances.  In particular, Mr. Goff listed an expense of $1,000 a month for rent which he claims he pays his brother but which is not supported by the bank statements.  His bank statements show an expense of $300 per month.  Husband's expenses for food clothing and misc. exceed the allowance by $85 and wife's by $75 per month.  Trustee will need documentation of charitable contributions for the two debtors totaling $165 per month as none are listed in the tax returns most recently provided.

 For the foregoing reasons, Debtors are not proceeding in good faith.

5.  Trustee's Notes: Notice is inadequate.  In order to resolve an objection to confirmation by Capital One the parties agreed the Creditor would be paid an additiona$3,300 at 5% interest without any additional notice or funding since the plan was going to pay creditors 100% of their allowed claims.  This amounted to an additional $3736.50 going to this creditor without notice.  In order to protect the creditors in the event the plan was ever modified at a later date, the order of confirmation contained the agreed upon provision:

"In order to resolve the objection of Capital One Auto Finance, said creditor will be paid a secured claim of $18,300 at 5% interest over the term of the plan instead of a secured claim of $15,000 at 5% interest.  Since the Debtors' plan will pay unsecured creditors 100% of their allowed claims, Trustee is not requesting any additional funding.  In the event the plan is modified at a later to date to pay unsecured creditors less than 100% of their allowed claims, Debtors will be required to give creditors notice of this modification with an opportunity to object.'

No notice of this modification was provided to the creditors and consequently the motion to modify must be denied.

  WHEREFORE, Trustee objects to the Debtor(s) Motion to Modify the Confirmed Plan.

DATED:  October 3, 2022

            /s/  Kathleen McCallister
            **Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I, HEREBY CERTIFY** that on October 3, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

JOHN O. AVERY
Attorney at Law
joa@averylaw.net

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

**Benjamin Lee Goff**
**5085 N LEATHER PLACE**
**BOISE, ID 83713**

**Marissa Nicole Goff**
**510 W. Hays St.**
**Boise, ID 83702**

                                              /s/ Kathleen McCallister
                                              **Kathleen McCallister, Trustee**